# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIELLE ARTHUR,

    Plaintiff.

v.

DOUGLAS KRAUSE, and
JOHN DOES 1-5,

    Defendants.

Case No.: 1:24-cv-105

**JURY TRIAL DEMANDED**

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Danielle Arthur, by and through counsel, Solomon M. Radner, Esq. and The Law Office of Keith Altman, and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Danielle Arthur was at all pertinent times a resident of the state of Michigan, residing in Macomb County in the City of Roseville.

2. Defendant Assistant Deputy Douglas Krause, was at all pertinent times employed as Assistant Deputy Warden of the Oaks Correctional Facility in Manistee, MI, and was acting within his scope and duties of employment as such, and acting under color of law, at all times. He is being sued in his individual capacity.

3. Defendants John Doe's 1-5 have identities that are unknown to Plaintiff at this time. However, they were at all pertinent times employed at the Oaks

Correctional Facility in Manistee, MI, and were acting within their scope and duties of employment as such, and acting under color of law. They are being sued in their individual capacities.

4. The Defendants' complained of actions were done deliberately, wantonly, sadistically, callously, purposely, knowingly, purposefully, intentionally, and with deliberate and/or callous indifference.

5. The facts giving rise to this action took place in the Oaks Correctional Facility in Manistee, MI.

6. This action involves federal causes of action.

7. Jurisdiction and venue are thus proper in this Court

## FACTUAL ALLEGATIONS

8. On April 18, 2023, ADW Krause told Ms. Arthur to meet him in the office of her direct supervisor unit chief Brian Majerczyk so that he could basically hold her hostage in a supposed training exercise.

9. Ms. Arthur followed this directive.

10. Mr. Krause closed the door to the office and covered the window with a coat. Mr. Krause then advised Mr. Majerczyk and Ms. Arthur to activate their personal protection devices, which they did.

2

11. That caused corrections officers to respond to the area. Mr. Krause then engaged in a role play with the responding officers, acting as if Mr. Majerczyk and Ms. Arthur were Mr. Krause's hostages.

12. Eventually Mr. Krause stated that he would like to let Mr. Majerczyk go so he can "have some alone time with Danielle" meaning Ms. Arthur.

13. This made Ms. Arthur feel unsafe, especially given that she was not previously made aware that there would be suggestion of sexual assault.

14. Mr. Majerczyk then opened the door to leave the office and at this time, a squad of officers in riot gear, named herein as Defendant John Does 1-5, rushed in and tackled/pinned Ms. Arthur and even utilizing a "common peroneal" strike on Ms. Arthur, which is a strike to the outside of the leg above the knee to disable the target.

15. At no point in time did there exist a lawful basis to attack Ms. Arthur in this fashion.

16. Ms. Arthur suffered harm as a result.

### COUNT I – FOURTH AMENDMENT VIOLATIONS

17. Plaintiff incorporates by reference all prior allegations as if fully restated.

18. Defendants utilized an unlawful amount of force that exceeded any lawful or reasonable basis.

19. Ms. Arthur suffered harm as a result.

WHEREFORE, Plaintiff respectfully prays of this Honorable Court that judgment be entered in favor of Plaintiff and against Defendants, and that the Court award all damages permitted by law.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 2, 2024                    Respectfully Submitted,

/s/ *Solomon M. Radner*
Solomon M. Radner, Esq. (P73653)
THE LAW OFFICE OF KEITH ALTMAN
33228 W. 12 Mile Road, Suite 375
Farmington Hills, MI, 48331
solomonradner@kaltmanlaw.com
Tel: (248) 987-8929
*Attorney for Plaintiff*